UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR ELEAZAR LOPEZ MENDEZ,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

Case No. 1:26-cv-3138

Honorable Paul L. Maloney

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Cleveland Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.) In an order entered on November 4, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondent filed his response on November 9, 2026. (Resp., ECF No. 6).

## II. Factual Background

Petitioner is a native and citizen of Guatemala who entered the United States in 2012. Op., No. 9, *Lopez Mendez v. Raycraft* (*Lopez Mendez I*), No. 1:26-cv-497 (W.D. Mich. Apr. 6, 2026) (ECF No. 8.) On May 9, 2025, Petitioner was arrested by ICE agents. *Id.*

On February 12, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Lopez Mendez I*. In *Lopez Mendez I*, the Court dismissed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice because Petitioner had not exhausted his administrative remedies. Op. & Jud., *Lopez Mendez I*, (W.D. Mich. Apr. 6, 2026) (ECF Nos. 8, 9).

On July 15, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF NO. 6-2.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond "due or a lack of jurisdiction" and, alternatively," because Petitioner "is a danger to the community due to his OVI and domestic violence arrests." (*Id.*)

## III. Analysis

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 on July 15, 2026. The Immigration Court denied Petitioner's request for a bond after finding Petitioner to be a danger to the community. In this § 2241 petition, Petitioner challenges the factual findings of the Immigration Court as related to the denial of his bond, arguing that he is not "a flight risk or danger to the community . . ." (Pet., ECF No. 1, PageID.7.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 6, PageID.23.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-*

*Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the Immigration Judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[1] Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised

[1] To the extent that Petitioner claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026).

to the BIA. Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.[2]

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 17, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances pursuant to 8 C.F.R. § 1003.19(e). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026).